UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mario Ramos Hinojos, Jr.,<br><br>                Plaintiff,<br><br>vs.<br><br>State of South Carolina; Nikki R. Haley, Governor; E. Dee Dee Bowers, Admin Ass.; Cheron M. Hess, Admin Ass.; Bryan P. Stirling, Director; Anna Hallman, Chief IGB; Willie Davis, Deputy Warden; Mr. Commander, Captain; Mr. Buterbaugh, Lieutenant; Michael McCall, Warden; Mr. Richardson, Lieutenant; Mrs. Gibbs, Sargent; Mrs. Cain, Officer; Mrs. Johnson, Officer; Mr. Sheffield, Officer; Mrs. Patterson, DHO; Mr. Williams, Counselor Sub.; Unknown Nurse; SCDC,<br><br>                Defendants. | C/A No. 2:14-1800-JFA-WWD<br><br>Report and Recommendation<br>for Partial Summary Dismissal |

       This is a civil action filed by a state prisoner. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. For the reasons that follow, the undersigned recommends that the District Judge dismiss the following Defendants without prejudice and without issuance and service of process: State of South Carolina, the South Carolina Department of Corrections ("SCDC"), Bryan P. Stirling, and Nikki R. Haley. In a separately docketed order, the undersigned has authorized service against the remaining Defendants.

### ***PRO SE* AND *IN FORMA PAUPERIS* REVIEW**

       Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review *pro se* complaints and petitions for relief

and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff alleges that on January 29, 2013, Defendants Johnson and Cain "administered chemical ammunition [sic] without just cause and for no other reason but to inflict pain"; according to Plaintiff, Cain and Johnson stated that Defendants Richardson, Commander, and Davis "authorized them to do so." (Dkt. No. 1 at 5 of 11.) Plaintiff further alleges that on May 6, 2013, Defendants Richardson, Buterbaugh, and Sheffield "administered chemical ammunition [sic] without just cause and for no other reason but to inflict pain." (Id.) Plaintiff asserts that he told an unknown nurse that he could not breathe because "the cell was deeply congested with gas fumes" and he had no way to wash off the spray. (Id. at 6 of 11.) Plaintiff alleges that Defendant Gibbs denied Plaintiff food that day because Plaintiff "was passed out on the bed and would not move to come get the

2

tray." (Id.) Plaintiff asserts that Defendants Commander, Davis, Hallman, and McCall "fail[ed] to provide [Plaintiff] with adequate access to the grievance system and . . . were attempting to cover the incident up. . . ." (Id. at 7 of 11.)

Plaintiff names Hess, Stirling, and Haley as Defendants, alleging that they "are responsible for denying [Plaintiff] meaningful access to the court through an agency policy which discriminates against lifers who do not and cannot receive good time credits." (Id.) Plaintiff complains that, during the process of appealing a disciplinary conviction, Defendant Hess wrote to Plaintiff stating that the disciplinary hearing was not transcribed as there was no loss of good time. (Id. at 8 of 11.) Plaintiff contends that he responded to Hess, stating that he was unable to "substantiate [his] contentions on appeal" without the transcript. (Id.) Plaintiff states that on March 10, 2014, he received a motion to dismiss the appeal, filed by Defendant Bowers, on the basis that Plaintiff failed to timely file a brief. (Id.) Plaintiff alleges his appeal was dismissed "with none of [his] issues addressed." (Id.) Plaintiff states, "The lack of hearing transcript rendered the proceedings fundamentally unfair and resulted in me being falsely imprisoned and deprived of life[,] liberty[,] and property, in the Administrative Segregation Unit." (Id. at 9 of 11.)

Regarding his disciplinary hearing, Plaintiff alleges that Defendant "DHO Ms. Patterson was totally bias[ed] and somewhat vindictive and malicious towards [Plaintiff] at the DHO hearing." (Id.) Plaintiff contends that Defendant Patterson and Defendant Williams "deprived [him] of fair proceedings which resulted in [Plaintiff] being falsely imprisoned and deprived of life[,] liberty[,] and property." (Id.) According to Plaintiff, counsel substitute Williams "neglected to speak and obtain statements from witnesses which would prove" that Defendant Richardson "has no justifiable reason to gas [Plaintiff]." (Id.) Plaintiff states

3

his "belief" that the "misplacement or destruction of the hearing transcript was an intentional obstruction of justice" by concealing a "know[n] crime." (Id.)

Plaintiff seeks, *inter alia*, actual and punitive damages. (Dkt. No. 1 at 11 of 11.)

## DISCUSSION

The undersigned recommends summary dismissal of Defendants State of South Carolina, SCDC, Stirling, and Haley, for the reasons discussed below.

### *Defendants State of South Carolina and SCDC*

The undersigned recommend summarily dismissing SCDC and the State of South Carolina. The Eleventh Amendment provides: "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State or by citizens or subjects of any foreign state." In enacting 42 U.S.C. § 1983, Congress did not intend to override the doctrine of States' sovereign immunity found in the Eleventh Amendment. Will v. Michigan Dep't of State Police, 491 U.S. 58, 67 (1989). As the Supreme Court stated in Will,

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

Will, 491 U.S. at 66 (citation omitted).

Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will, 491 U.S. at 70; see also Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States'

4

encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). SCDC is a state agency and therefore an arm of the State of South Carolina. See Will, 491 U.S. at 70; see also Belcher v. S.C. Bd. of Corrs., 460 F. Supp. 805 (D.S.C. 1978).[1] Accordingly, the undersigned recommends summarily dismissing Defendants State of South Carolina and SCDC. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984).

*Defendants Stirling and Haley*

Plaintiff alleges that Defendants Stirling and Haley denied him access to the courts; Plaintiff complains of an "agency policy [that] discriminates against lifers who do not and cannot receive good time credits." (See Dkt. No. 1 at 7-8 of 11.) Plaintiff's attempt to assert a claim against Defendants for a policy preventing him from earning good-time credits fails. Plaintiff, who is serving, *inter alia*, a life sentence for murder, is not prohibited from earning good-time credits by Defendants' policy. Rather, he is prohibited from earning good-time credits by the law of the State of South Carolina. See S.C. CODE ANN. § 24-13-210(B); see also Joyner v. Ozmint, Civ. A. No. 3:09-2524-DCN-JRM, 2010 WL 3783244, at *1 n.2 (D.S.C. Apr. 26, 2010), adopted at 2010 WL 3783167 (D.S.C. Sept. 22, 2010). Moreover, Plaintiff has not alleged any personal involvement of Defendant Stirling or Defendant Haley. As such, Plaintiff's claims against Stirling and Haley are subject to summary dismissal. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to

---

[1] Furthermore, South Carolina Code Section 15-78-20(e) provides,
> Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina.

S.C. CODE ANN. § 15-78-20(e).

. . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."); see also Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (in a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations.").

## RECOMMENDATION

It is recommended that the Complaint be dismissed without prejudice and without issuance and service of process as to the following Defendants: State of South Carolina; South Carolina Department of Corrections; Nikki R. Haley, *Governor*; and Bryan P. Stirling, *Director*.

Plaintiff's attention is directed to the important notice on the next page.

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

August 6, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).